**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000706
27-MAR-2015
09:28 AM**

CAAP-12-0000706

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


ALEXANDER F. SIMEONA, Plaintiff-Appellant,
v.
TANI DYDASCO, Defendant-Appellee,
and
JOHN DOES 1-10, Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-2565-10 GWBC)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Fujise and Leonard, JJ.)


Plaintiff-Appellant Alexander F. Simeona (Simeona) sued Defendant-Appellee Tani Dydasco (Dydasco), an employee of the Office of Offender Management, Department of Public Safety, State of Hawai'i, in her individual and official capacities. Simeona alleged that Dydasco was responsible for calculating his maximum term release date and that due to Dydasco's actions and omissions, he was "overdetained" or kept in prison beyond his proper release date.

The Circuit Court of the First Circuit (Circuit Court)[1] granted Dydasco's motion for summary judgment on the claims

---

[1] The Honorable Gary W.B. Chang presided over the proceedings relevant to this appeal.

raised by Simeona in his complaint, and it entered its "Judgment for Defendant Tani Dydasco" (Judgment) on July 26, 2012.

On appeal, Simeona contends that the Circuit Court erred in granting Dydasco's motion for summary judgment as to Simeona's (1) federal Fourteenth Amendment due process claim, (2) federal Eighth Amendment claim for cruel and unusual punishment, (3) negligence claim, and (4) punitive damage claim. All of Simeona's claims against Dydasco are premised on his contention that he had been overdetained as the result of Dydasco's miscalculation of his maximum term release date. As explained below, because the undisputed evidence and applicable law establish that Dydasco did not err in calculating Simeona's maximum term release date, the Circuit Court properly granted summary judgment in favor of Dydasco. We affirm the Circuit Court's Judgment.

I.

Based on undisputed evidence, the facts relevant to this appeal are as follows:

Simeona was convicted of offenses in five different cases. He was sentenced in these cases on two different dates. First, on April 26, 1999, Simeona was sentenced in Cr. No. 98-1854 to five years in prison for unauthorized control of a propelled vehicle (UCPV). Second, on October 20, 1999, he was sentenced in:

(1)   Cr. No. 99-0007 to five years in prison for UCPV;

(2)   Cr. No. 98-0304 to five years in prison for burglary;

(3)   Cr. No. 97-2290 to ten years in prison for first-degree burglary; and

(4)   Cr. No. 99-0768 to ten years in prison for first-degree burglary.

The judgments for the October 1999 sentences provided that the sentences imposed in these four cases were to be served concurrently with each other. The judgments for the October 1999

2

sentences, however, were silent on whether the October 1999 sentences were to be served concurrently or consecutively with the April 1999 sentence in Cr. No. 98-1854.

Prior to 2005, the Department of Public Safety (DPS) had a practice of treating multiple sentences imposed at different times as running concurrently with each other, unless the judgment stated they were to run consecutively. Based on this practice, the DPS initially calculated Simeona's maximum term release date by treating the October 1999 sentences as being imposed concurrently with the April 1999 sentence.

The DPS's pre-2005 practice, however, was inconsistent with the version of Hawaii Revised Statutes (HRS) § 706-668.5(1) that was in effect and was applicable to Simeona's convictions and 1999 sentences, which provided as follows:

> (1) If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an unexpired term of imprisonment, the terms may run concurrently or consecutively. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms run consecutively. _Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms run concurrently._

HRS § 706-668.5 (1993) (emphasis added.) To comply with the mandate of HRS § 706-668.5(1), the DPS instituted a new practice effective January 1, 2005, that treated sentences imposed at different times as running consecutively, unless the judgment stated they were to run concurrently.

Pursuant to the new DPS practice and in conformity with HRS § 706-668.5(1), Dydasco audited Simeona's file on January 29, 2007, and notified Simeona that there were errors in the initial computation of his maximum term release date. Dydasco informed Simeona that Cr. Nos. "99-2290, 98-0304, 99-0007, and 99-0768 sentenced on October 20, 1999, shall run _consecutive_ to Cr. No. 98-1854 sentenced on April 26, 1999 pursuant to HRS § 706-668.5." Dydasco recalculated Simeona's release dates and determined based

on his ten-year October 1999 sentences, that Simeona's new "max out" date was September 22, 2013.[2]

On October 10, 2008, Deputy Public Defender Raymond Fukuhara (Fukuhara) filed a Motion to Correct Judgment in Cr. No. 99-0007, a judgment which imposed one of the five-year October 1999 sentences. The motion did not seek to correct or amend the judgments entered with respect to the other October 1999 sentences. On October 21, 2008, the Circuit Court issued an amended judgment in Cr. No. 99-0007, which provided that the five-year prison sentence in Cr. No. 99-0007 was to run concurrently with all other sentences imposed on Simeona.

Simeona thought that the amended judgment in Cr. No. 99-0007 meant that all of his October 1999 sentences would run concurrently with the April 1999 sentence. However, because an amended judgment was only requested and filed in Cr. No. 99-0007, and not in the cases in which the ten-year October 1999 sentences were imposed, Dydasco and the DPS continued to calculate Simeona's maximum term release date as September 22, 2013.[3]

Between May 14, 2009, and October 12, 2009, the DPS made multiple attempts to notify Fukuhara that the DPS was still waiting for amended judgments in Cr. Nos. 99-0768 and 97-2290, the cases in which the ten-year terms of imprisonment were imposed. By letter dated September 11, 2009, the DPS informed Fukuhara that because the DPS had not received amended judgments for Cr. Nos. 99-0768 and 97-2290, the DPS "will continue to run these two cases *consecutive* to Cr. No. 98-1854 until we receive

---

[2] In 2008, HRS § 706-668.5(1) was amended to provide that "[m]ultiple terms of imprisonment run concurrently unless the court orders or the statute mandates that the terms run consecutively." 2008 Haw. Sess. Laws Act 193, § 1 at 714. The amendment, however, only applied to terms of imprisonment imposed on or after June 18, 2008. Id. at §§ 3-4, at 714.

[3] If amended judgments providing that the ten-year October 1999 sentences were imposed concurrently with the April 1999 sentence had been obtained at the same time that the amended judgment in Cr. No. 99-0007 was obtained, Simeona's maximum term release date would have been computed as July 20, 2009.

the Amended Judgment of Conviction and Sentence for Cr. Nos. 99-0768 and 97-2290." The DPS also notified Simeona by letter dated October 12, 2009, that it had spoken with Fukuhara and requested specific language regarding serving terms concurrently be included in amended judgments for Cr. Nos. 97-2290 and 99-0768, the cases he was still serving. The DPS's letter stated that "[o]nce the amended judgments are in order and received, [the DPS] will make arrangements for you to return to Hawaii immediately."

On October 22, 2009, amended judgments were filed by the Circuit Court in Cr. Nos. 97-2290 and 99-0768, which imposed the ten-year sentences in those cases concurrently with other terms of imprisonment. The DPS received the amended judgments by fax from the Public Defender's Office on October 27, 2009, and it recalculated Simeona's maximum term release date. Arrangements for Simeona's return from Arizona, where he was being incarcerated, were initiated, and he was released on October 31, 2009.

II.

As noted, Simeona's claims against Dydasco all depend on his establishing that Dydasco miscalculated Simeona's maximum term release date. However, based on the undisputed evidence, we conclude that as a matter of law, Dydasco did not miscalculate Simeona's maximum term release date. Accordingly, the Circuit Court properly granted summary judgment in favor of Dydasco.

Pursuant to the version of HRS § 706-668.5(1) applicable to Simeona's 1999 sentences, Dydasco was required to treat "[m]ultiple terms of imprisonment imposed at different times [as] run[ing] consecutively unless the court orders that the terms run concurrently." HRS § 706-668.5(1). The judgments for Simeona's ten-year October 1999 sentences did not reflect any order by the Circuit Court that the ten-year sentences were to be

5

served concurrently with the April 1999 sentence.[4]  Accordingly, based on HRS § 706-668.5(1), Dydasco was required to treat the ten-year sentences as running consecutively to the April 1999 sentence.  See Alston v. Read, 663 F.3d 1094, 1099-1100 (9th Cir. 2011) (holding that DPS employees "were entitled to rely on [HRS § 706-668.5(1)] and the original judgment received from the court in their sentencing calculations and were not required to go in search of additional courthouse records that might affect [the prisoner's] sentence beyond what was initially received from the court for inclusion in [the] DPS's institutional file").

Dydasco properly followed statutory mandates in running Simeona's ten-year October 1999 sentences consecutive to his April 1999 sentence in computing Simeona's maximum term release date pursuant to the 1999 judgments.  Until the Circuit Court issued amended judgments that specifically imposed the ten-year terms to run concurrently with other terms of imprisonment, neither Dydasco nor the DPS was entitled to disregard the 1999 judgments and the requirements of HRS § 706-668.5(1).  The DPS acted expeditiously upon its receipt of the amended judgments on the ten-year terms to recalculate Simeona's maximum term release date and to secure his release from prison.

Based on the undisputed facts and applicable law, we conclude that Dydasco did not miscalculate Simeona's maximum term release date.  Therefore, Simeona's claims of constitutional violations, negligence, and punitive damages, which all depend on his establishing that Dydasco miscalculated his maximum term release date, necessarily fail.[5]

---

[4] In opposing Dydasco's motion for summary judgment, Simeona also did not produce any competent evidence of any order by the Circuit Court, not reflected in these judgments, that his ten-year terms were to be served concurrently with the April 1999 sentence.

[5] Dydasco was also entitled to summary judgment on Simeona's claims pursuant to 42 U.S.C. § 1983 that were brought against Dydasco in her official capacity on the additional ground that a State, and its officials acting in their official capacities, cannot be sued under 42 U.S.C. § 1983.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 64-71 (1989).

III.

We affirm the Circuit Court's Judgment.

DATED:  Honolulu, Hawai'i, March 27, 2015.

On the briefs:

Jack Schweigert
John Gillmor
Rory Soares Toomey
for Plaintiff-Appellant

Caron M. Inagaki
John F. Molay
Deputy Attorneys General
for Defendant-Appellee

Chief Judge

Associate Judge

Associate Judge